IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Criminal Case No. 17-cr-00416-WJM

UNITED STATES OF AMERICA,

    Plaintiff,

v.

1. BRETT THOMAS DEIMER,

    Defendant.

_____

### RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE
_____

**ENTERED BY MAGISTRATE JUDGE KRISTEN L. MIX**

This matter is before the Court on Defendant's **Motion to Reduce Sentence Pursuant to the First Step Act of 2018** [#52][1] (the "Motion"), wherein Defendant Brett Thomas Deimer moves the Court to reduce his sentence to time served and re-sentence him to an unspecified period of supervised release with confinement at a halfway house. The Government opposes the Motion. *See generally Response* [#54]. The Motion has been referred to the undersigned for a Recommendation pursuant to Fed. R. Crim. P. 59(b) and D.C.COLO.LCrR 57.1. *See* [#55]. Upon review of the briefing and case file, the Court finds that Defendant has failed to exhaust his administrative remedies and does not meet the requirements for release under the First Step Act, and therefore **RECOMMENDS** that the Motion [#52] be **DENIED**.

---

[1] [#52] is an example of the convention the Court uses to identify the docket number assigned to a specific paper by the Court's case management and electronic case filing system (CM/ECF). This convention is used throughout this Recommendation.

## I. BACKGROUND

On June 8, 2018, Mr. Deimer pled guilty to one count of Felon in Possession of Firearm, 18 U.S.C. § 922(g)(1). The District Judge sentenced Mr. Deimer to a 60-month term of incarceration followed by 30 months of supervised release on March 14, 2019. Fifteen months have passed since Mr. Deimer's sentencing. His current projected release date is February 11, 2022. [#54] at 1.

Mr. Deimer filed his Motion [#52] on April 24, 2020. In his Motion [#52], Mr. Deimer asserts that while incarcerated he "got clean and stayed clean" and completed two rehabilitative programs. He asserts that his "sobriety is now the number one priority" in his life. He seeks reconsideration of the length of his sentence so that he can become a productive member of society. Mr. Deimer makes no representations in his Motion about exhaustion of his administrative rights pertaining to the First Step Act, and indeed there is no evidence of such.

The Government opposes Mr. Deimer's Motion and argues that the Court lacks jurisdiction to modify his sentence, he has failed to exhaust his administrative remedies with the Bureau of Prisons, and he has failed to establish extraordinary and compelling reasons for his release under the First Step Act. *See generally Response* [#54].

## II. LEGAL STANDARDS

18 U.S.C. § 3582(c)(1) authorizes the Court to reduce a defendant's term of imprisonment "upon motion of the Director of the Bureau of Prisons, or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility,

whichever is earlier." 18 U.S.C. §3582(c)(1)(A). When presented with the requisite motion, Section 3582(c)(1) permits the Court to grant the sentence reduction if, "after considering the factors set forth in section 3553(a) to the extent they are applicable," the Court finds that "extraordinary and compelling reasons warrant such a reduction" and that "such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." *Id.* § 3582(c)(1).

### III.  DISCUSSION

The record in this matter is devoid of any evidence that the Defendant has exhausted his administrative rights regarding relief under the First Step Act. Although the Tenth Circuit Court of Appeals has not addressed whether the administrative exhaustion requirement under Section 3582(c)(1)(A) is jurisdictional, most district courts have concluded that Congress intended that courts treat the exhaustion requirement as jurisdictional. *United States v. Ruiz*, No. CR 12-3186 RB, 2020 WL 3265244, at *1 (D.N.M. June 17, 2020) (collecting cases). The Tenth Circuit has held that exhaustion is a jurisdictional requirement for motions brought under other subsections of the First Step Act, namely subsections 3582(c)(1)(B) and (c)(2). *United States v. Read-Forbes*, No. 12-20099-01-KHV, 2020 WL 1888856, at *3 (D. Kan. Apr. 16, 2020), *reconsideration overruled*, No. 12-20099-01-KHV, 2020 WL 2037053 (D. Kan. Apr. 28, 2020) (gathering cases). Given that Section 3582(c)(1)(A) includes an express exhaustion requirement, "the Court sees no reason to treat that subsection's requirements any differently." *Id.* Because Mr. Deimer has not provided evidence that he has exhausted his administrative rights, the Court respectfully **recommends** that his motion be denied for lack of exhaustion and

hence, lack of jurisdiction.

Even if the Court did not recommend treating the exhaustion requirement as jurisdictional, the Court would recommend denying the Motion for an additional reason. The First Step Act permits a sentencing court to grant a motion for compassionate release where "extraordinary and compelling reasons warrant such a [sentence] reduction" and the "reduction is consistent with applicable policy statements issued by the Sentencing Commission . . . ." The Application Notes of the U.S. Sentencing Guidelines § 1B1.13 provide that "extraordinary and compelling reasons exist" where the defendant has certain medical conditions, where the defendant is at least 65 years old and meets other qualifying circumstances, where the defendant has qualifying family circumstances, or for "other reasons." *See* U.S. Sentencing Guidelines Manual § 1B1.13 app. §§ (1)(A)-(D). Under § (1)(D), the "other reasons" required by the statute must be due to "extraordinary and compelling" circumstances. U.S. Sentencing Guidelines Manual § 1B1.13 app. §(1)(D). Mr. Deimer seeks a reduction due to his new found sobriety and his desire to "be less of a burden on the taxpayer." *Motion* [#52] at 1-2. While the Court certainly appreciates Mr. Deimer's alleged behavioral changes, these circumstances do not rise to the level of "extraordinary and compelling" sufficient to merit a reduction.

## IV.  CONCLUSION

Based on the foregoing,

IT IS HEREBY **RECOMMENDED** that Defendant Brett Thomas Deimer's Motion to Reduce Sentence [#52] be **DENIED**.

IT IS FURTHER **ORDERED** that, pursuant to Fed. R. Crim. P. 59(b)(2), the parties

shall have fourteen (14) days after service of this Recommendation to serve and file any written objections in order to obtain reconsideration by the District Judge to whom this case is assigned.  A party's failure to serve and file specific, written objections waives de novo review of the Recommendation by the District Judge, see Fed. R. Crim. P. 59(b)(3), and also waives appellate review of both factual and legal questions.  See Fed. R. Crim. P. 59(b)(2).

      Dated:  July 13, 2020                              BY THE COURT:

                                                               Kristen L. Mix
                                                               United States Magistrate Judge